STATE ex rel. Natalie DALLAVALLE,
et al., Appellants,

v.

Robert L. BAINE, et al., as Members of
the Board of Election Commissioners of
St. Louis County, Missouri, and Joseph
L. Adams, Jr., et al., as City officials of
the City of University City, Missouri,
Respondents.

No. 63058.

Supreme Court of Missouri,
En Banc.

April 6, 1982.

Lewis C. Green & Richard D. Lageson, St. Louis, for appellants.

R. J. Slater, Shulamith Simon & Mark G. Arnold, St. Louis, for respondents.

SEILER, Judge.

Appellants sought a writ of mandamus in the trial court to compel respondents, members of the St. Louis County Board of Election and officials of University City, to hold an election for the University City electors to vote on an ordinance proposed by initiative. The alternative writ issued but, after hearing, the trial court quashed its alternative writ. This decision was appealed to the court of appeals, eastern district. Transfer was granted after opinion upon application

of appellants. Respondents subsequently moved in this court to dismiss the appeal, contending that the case is moot. We sustain the motion.

Under the University City charter, § 73, "[t]he electors shall have power to propose any ordinance, except an ordinance appropriating money or authorizing the levy of taxes, unless otherwise provided by state law, such powers being known as the initiative." Appellants circulated petitions and obtained signatures of a sufficient number of registered voters to submit to the city council a proposed ordinance, entitled "An Ordinance to Preserve the Beauty and Character of Big Bend Boulevard, From Millbrook to Delmar, and Neighboring Areas of the City," the purpose of which, as stated in appellant's brief, was "an attempt to preserve the boundaries of this portion of Big Bend, and its aesthetic qualities, ..."[1] At a special meeting held January 3, 1979, the city council voted not to adopt the proposed ordinance. Also, it voted not to submit the proposed ordinance to the voters within ninety days as required by § 79 of the charter. The mandamus proceedings followed.

■ More than three years have passed since relators originally attempted to submit the proposed ordinance to the voters. There is nothing to indicate that any injunction was sought or other action taken to preserve the status quo during pendency of the mandamus litigation. This court has been informed through affidavits submitted by the parties that work on the pertinent portion of Big Bend Boulevard has been substantially completed: trees in the right-of-way have been removed; curbing and gutters have been installed; all sidewalks have been constructed; all widening work has been completed; and all driveway adjustments have been made.[2] A technical argument can be made and has been made by appellants that the ordinance would still be effective because it would retain the street configuration at the time the ordinance was adopted and became effective. Nevertheless, the purpose of the ordinance as stated by its title and argued in appellants' brief has been defeated through passage of time and the changes made in Big Bend. Reversing the trial court to require submission of the ordinance to the voters would be to require a purposeless act.

Appellants contend that the case is not moot, because their request for attorney's fees is yet to be resolved, as is the question of court costs (which were assessed against relators in the trial court).

■ Appellants contend attorney fees should be awarded against the city officials, relying on the following language from § 529.060, RSMo 1978 and Rule 94.06 as it was in force when the litigation started:

Section 3. Upon passage of this ordinance, the City Clerk is directed to deliver certified copies thereof to the St. Louis County Supervisor and the Chairman of the St. Louis County Council. The various officials of the City are directed to take such steps as may be necessary or appropriate to implement the provisions of this ordinance.

Section 4. To the extent that any ordinance or resolution of this City is inconsistent herewith, it is hereby repealed, including specifically the resolution of February 3, 1975 relating to this subject, and the resolution of December 12, 1977 relating to this subject.

1. Be it Ordained By The People of University City:

Section 1. Big Bend Boulevard, and the adjacent sidewalks, from a point approximately 500 feet north of the centerline of Millbrook Boulevard to their terminus at Delmar Boulevard, shall retain their existing alignment, width, and configuration. Reconstruction of curbs, gutters, or sidewalks in this section of Big Bend Boulevard shall be undertaken only where necessary due to prevent deterioration or to provide proper drainage, and shall be accomplished by methods which will protect the existing trees, as well as trees, plantings, and improvements on adjoining property.

Section 2. Subject to the provisions of Section 1 of this ordinance, the people of University City hereby consent to the inclusion of Big Bend Boulevard from the southern city limits to Delmar Boulevard in the St. Louis County Arterial System, and to its improvement by the St. Louis County Highway Department.

2. In January 1978, the St. Louis County council adopted Ordinance 8554 in which "[a] public road designated Big Bend Boulevard is hereby opened, widened and established." The work has been done under this ordinance.

In case a verdict shall be found for the person suing out such writ, or judgment be given for him on motion to dismiss, or by nihil dicit, or for want of a replication or other pleading, he shall recover his damages and costs, in such manner as he might do in a civil action for a false return . . . .

Without attempting to decide what the situation would be as to attorney's fees if judgment were being given for the relators, the fact is that the verdict or judgment here is not in favor of the persons suing out the writ (relators) and so the condition required is not met.

■ As to costs, we are unable to locate anything in the record as to the amount of costs, although the transcript is only ninety one pages long and we doubt if the costs are any great burden. If that is the only item remaining in controversy, however, we do not consider that requires us to pass upon the merits of the case, *Heitmuller v. Stokes*, 256 U.S. 359, 362, 41 S.Ct. 522, 523, 65 L.Ed. 990 (1921); *V. S. DiCarlo General Contractors, Inc. v. Kansas City Area Transportation Authority*, 564 S.W.2d 588, 592 (Mo.App.1978), although we are at liberty to assess the costs as seems just under the circumstances. Rule 84.14. Inasmuch as the case had been made moot through circumstances beyond the control of relators, the costs, although the appeal is dismissed for mootness, are assessed against respondents.

Appeal ordered dismissed and costs assessed against respondents.

All concur.