Wendell Keith HERSHAW,
Jr., Appellant,

v.

FENDER–MASON ELECTRIC
CO., Respondent.

No. WD 34,206.

Missouri Court of Appeals,
Western District.

Jan. 24, 1984.

Ronald M. Sokol, St. Joseph, for appellant.

Michael L. Taylor, Watkins, Boulware, Lucas & Miner, St. Joseph, for respondent.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

TURNAGE, Chief Judge.

Wendell Hershaw, Jr., filed suit against Fender-Mason Electric Co. for failure of Fender-Mason to pay him the prevailing wage on a project subject to the prevailing wage law. Sections 290.210 to 290.340, RSMo 1978. The court sustained Fender-Mason's motion for summary judgment and Hershaw has appealed.

The Golden Age Nursing Home in Braymer, Missouri, entered into a contract with a general contractor to build an addition to its facility. The parties agreed that the project was subject to the prevailing wage law because the home was receiving financing from the Federal Government. Section 290.210(7). Pursuant to statute, the home obtained a prevailing wage determination, dated January 26, 1979, from the Department of Labor and Industrial Relations. The determination carried the statement that it "expires 120 Calendar Days from date of issue if no contract is awarded." That statement was inserted pursuant to regulations adopted by the department and contained in 8 C.S.R. 30–3.010. The regulation provides that any wage determination will become void when the proposed public work is not started or a contract is not awarded within 120 calendar days from the date of the original determination. The regulation requires the public body to request a new determination before proceeding with the project if the determination becomes void.

A contract was entered into by the home on August 11, 1979, more than six months after the wage determination was issued. The contract contained a copy of the determination and the contractor agreed to pay the wages contained therein. A copy of the determination was posted at the job site.

Hershaw was an electrician employed by Fender-Mason, the subcontractor for performance of electrical work. Hershaw alleged in his petition that the prevailing wage contained in the determination called for electricians to be paid $11.54 per hour together with fringe benefits of $1.91 per hour, but that Fender-Mason paid him only $6.75 per hour for a portion of his work and $7.50 for the remainder. The petition claimed double the difference between the prevailing wage and the amount actually paid, and attorney fees, as provided in § 290.300.

Fender-Mason filed its motion for summary judgment and contended that the wage determination became void because the contract was entered into more than 120 days after the determination's date of issue. The trial court sustained the motion and entered judgment for Fender-Mason, finding that the determination had become void.

The question to be resolved is the validity of the regulation declaring the wage determination to be void after 120 days if no contract is entered into within that time. The regulation was adopted pursuant to § 290.240.2 which allows the department to establish rules and regulations for the purpose of carrying out the provisions of the wage law.

Section 290.220 declares that it is the policy of this state that a wage of no less than the prevailing rate of hourly wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen engaged in a project subject to the prevailing wage law. Section 290.-230 directs that not less than the hourly rate of wages shall be paid to all workmen engaged in the construction of public works. Section 290.250 provides that it shall be mandatory for the contractor to whom a contract is awarded and upon any subcontractor under him, to pay not less than the specified rates to all workmen employed by them in the execution of the contract subject to the prevailing wage law.

Section 290.270 provides that the finding of the department ascertaining and declaring the prevailing hourly rate of wages shall be final for the locality, unless reviewed under the provisions of §§ 290.210 to 290.340. There is nothing in the record to indicate that the prevailing wage determination issued on January 26, 1979, was reviewed after it was issued.

Fender-Mason takes the position that since the regulation declares the determination to be void after 120 days if no contract is entered into within that time, Hershaw was not entitled to receive the prevailing wage as determined by the department on January 26, 1979. Under Fender-Mason's theory Hershaw has no remedy because it was the responsibility of the home to obtain a new determination after 120 days. It is apparent that this result plainly violates the public policy of this state and the requirements of §§ 290.230 and 290.250.

It is apparent, as well, that the regulation declaring the determination to be void after 120 days if no contract is executed within that time is directly contrary to § 290.270 which provides that the determination shall be final unless reviewed. The effect of the regulation would be to deny Hershaw the right to receive the prevailing wage because the home failed to execute a contract within 120 days of the determination. Such a result clearly violates the prevailing wage law.

 It is well-established that when a regulation conflicts with a statute, the regulation must fall. *Johnson v. Labor and Industrial Relations Commission,* 591 S.W.2d 241, 244[1, 2] (Mo.App.1979). The regulation declaring the determination void violates § 290.270 and, therefore, the regulation is invalid. The prevailing wage determination made on January 26, 1979, was not reviewed, was fully effective when the contract was entered into in August of

1979, and remained valid for the period the project was in progress. It necessarily follows that Hershaw must be allowed the opportunity to prove he is entitled to payment of the prevailing wage rate contained in the determination of January, 1979, and that the entry of summary judgment was erroneous.

The judgment is reversed and this cause is remanded for further proceedings.[1]

All concur.

---

1. One of the defenses Fender-Mason mentioned in addition to the determination becoming void was that Hershaw was a journeyman and, therefore, was not entitled to electrician wages. That contention is not addressed in this opinion but must be resolved on remand.