Salvatore LaMARTINA, Beverly LaMartina and Robert Brostoski,
Respondents,

v.

Grover HANNAH and Robert Baker, Appellants.

No. WD 34639.

Missouri Court of Appeals,
Western District.

Aug. 8, 1984.

John C. Russell, Raytown, and William Bryan Miller, Kansas City, for appellants.

G. Spencer Miller, Miller & Dougherty, Kansas City, for respondents.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

CLARK, Judge.

In a suit for damages for personal injuries, respondents Salvatore LaMartina, Beverly LaMartina and Robert Brostoski had judgments on jury verdicts rendered against appellants Grover Hannah and Robert Baker for actual and punitive damages. Appellants contend the trial court erred in permitting comment to be made about Hannah's conviction under a charge in municipal court, because the verdicts were against the weight of the evidence in the case and because the amounts of the verdicts were excessive. Affirmed.

The evidence in this case reported in 600 pages of trial transcript may be summarized briefly as a prelude to discussion of appellants' points. The site of the confrontation among the parties and of the altercation which produced the physical injuries was the residence of one Ora Morrison, an elderly and infirm person who had been befriended and aided by respondents. Morrison was a next door neighbor of Brostoski who was married to the LaMartina daughter. The Brostoskis and the LaMartinas visited Morrison in his home regularly to care for Morrison's personal needs. LaMartina held Morrison's power of attorney.

Appellants Hannah and Baker were close personal friends and although not related, Baker referred to Hannah as his uncle. Both operated businesses in the area. Baker owned an appliance store and Hannah sold trailers. Hannah had attempted to purchase the property owned by Morrison and, at the time of the events which brought about this suit for damages, Hannah had a number of his trailers parked on the Morrison property.

Approximately one month before the altercation, the company insuring the Morrison house had advised that premiums would be increased because of the trailers stored on the property by Hannah. Acting for Morrison, LaMartina contacted Hannah and requested that the trailers be removed. On the evening of April 28, 1980, the LaMartinas paid a regular visit to the Morrison home and while there, Salvatore LaMartina telephoned Hannah and made a final demand for removal of the trailers. A short time later after the LaMartinas had left the Morrison home to visit their daughter next door, Hannah appeared, exchanged some words with Salvatore and then entered the Morrison house followed soon thereafter by Salvatore. When the latter did not reappear, Brostoski went to the Morrison house to determine what had happened to his father-in-law.

The witnesses were in general agreement that at first, Morrison, LaMartina and Hannah were together in the Morrison house engaged in an argument about the removal of the trailers. Soon, however, they were joined by Brostoski, appellant Baker and two other men. According to LaMartina, he was repeatedly assaulted by Hannah before the others reached the Morrison house, the blows being struck first with Hannah's fists and thereafter with a beer bottle. After the others arrived, respondents' evidence was that when Brostoski sought to intervene in the affray, Brostoski was held by Baker while Hannah struck Brostoski with the bottle. Brostoski then helped LaMartina leave the premises, the police were called and Hannah was arrested on the complaint of LaMartina and Brostoski. The case was tried in the municipal court of Kansas City and, on an appeal to the circuit court, Hannah entered a plea of guilty.

■ In their first point, appellants contend the trial court erred in failing to grant a request for a mistrial when, in opening statement, respondents' attorney told the jury that Hannah had been prosecuted and found guilty "at the Municipal Court of Kansas City" and had appealed for a new trial. Later, in respondents' examination of Hannah as an adverse witness, he was asked if he had appealed the case from the municipal court to the circuit court and Hannah responded that he had. As appellant Hannah's contention is perceived, he argues that conviction after a trial on a municipal ordinance violation charge is irrelevant to issues in a civil case arising out of the same facts and should not be admitted in evidence in the civil case.

Although the brief and argument present the point as an error entitling both Hannah and Baker to a new trial, there is no basis to assert any prejudice accruing to Baker's cause. The charges were solely against Hannah and the inference drawn from Hannah's conviction is suggestive only of responsibility on his part. Indeed, the fact that Baker was not charged while Hannah was creates an inference favorable to Baker.

As to Hannah the disposition of an ordinance violation charge finding him guilty of an assault does tend to reinforce the civil case against him brought by respondents. Hannah, however, was shown by the evidence to have later entered a guilty plea when the appeal of the case came on for trial before the circuit court. The details of the municipal court case were therefore a proper subject to be considered by the jury because a plea of guilty in a criminal case [1] is admissible in a civil action as a declaration against interest. *Pruiett v. Wilform*, 477 S.W.2d 76 (Mo.1972); *Nichols v. Blake*, 418 S.W.2d 188 (Mo. 1967).

Finally, there is no showing that the trial court abused its discretion in failing to grant the drastic remedy of a mistrial. In appellants' objection made during opening statement, the only request was for a mistrial. During the examination of Hannah as a witness, the objection to the question about the municipal court case was sustained, but again a mistrial was refused. The trial court did not err in declining appellants' motion to discharge the jury and commence the trial anew because other relief was adequate.

■ In their second point, appellants contend the verdicts rendered by the jury were against the weight of the credible evidence. They argue that testimony from two independent witnesses portrayed La-Martina as the aggressor in the fight, that Hannah was merely defending himself and that Baker was restraining Brostoski from inflicting injury on Hannah. The point is not taken to include an attack on the submissibility of the case. Although appellants did move for directed verdicts at the close of plaintiffs' evidence and at the close of all the evidence, the motion for new trial did not contend plaintiffs failed to make a submissible case. The issue of submissibility is therefore not preserved for appellate review. Rule 78.07. We do note, ex gratia, that all plaintiffs adduced sufficient evidence, if believed by the jury, to support the verdicts returned.

■ As set out in the new trial motion, and renewed on this appeal, appellants urge that the judgments should be reversed because they were against the weight of the evidence. The rule is firmly settled that it is within the exclusive province of the trial court to determine whether a verdict is against the weight of the evidence. *Strickner v. Brown*, 491 S.W.2d 253, 255 (Mo.1973). The subject is unavailable for consideration on this appeal.

In their final point, appellants contend the verdicts were excessive, were the product of bias and prejudice and were not supported by credible evidence. On their brief, appellants appear to argue that the excessiveness of which they complain is attributable in part to a mistaken evaluation of the evidence and in part to some undefined prejudice against appellants. No jury misconduct is particularized. At most, the argument complains that the respondents' injuries were overstated and, as to appellant Baker, his participation in the assault was disproportionate to the verdict against him.

The verdicts were: For Salvatore LaMartina against Hannah and Baker $20,000.00 actual damages and punitive damages of $7,500.00 against Hannah and $250.00 against Baker; for Beverly LaMartina against Hannah and Baker $2500.00 actual damages; for Brostoski against Hannah and Baker $1250.00 actual damages as to

---

1. Although a proceeding on a charge in municipal court is quasi-criminal, the practice is as in criminal cases. Rule 37.51.

each and punitive damages of $250.00 against Hannah and $150.00 against Baker.

Quite apparently, it is only as to the verdicts in favor of respondent Salvatore LaMartina that a claim of excessiveness may be lodged. The evidence of damages sustained by him showed the loss of two teeth, scars and aggravation of certain pre-existing conditions, medical expenses of $7065.75 and lost wages of $3307.50.

■ The amount of damages to be awarded the successful party is primarily a matter for the jury and its broad discretion in fixing the amount is conclusive on appeal, especially where the verdict has the approval of the trial court as evidenced by its overruling a motion for new trial. *Parker v. Pine*, 617 S.W.2d 536, 541 (Mo.App. 1981). Before a jury verdict for damages will be set aside or adjusted because of excessiveness, a manifest injustice must have occurred.

■ Considering the discretion with which the jury is invested in determining the amount of damages, the approval by the trial court of the verdicts returned in this case and measuring the verdicts by the evidence most favorable to respondents, we cannot conclude that there is any basis in this case to find an abuse of discretion by the trial court in failing to set aside or reduce the verdicts.

The judgment is affirmed.

All concur.