**MORGAN COUNTY, Respondent,**

v.

**LABOR & INDUSTRIAL RELATIONS COMMISSION, et al., Appellants.**

**No. WD 39855.**

Missouri Court of Appeals, Western District.

Oct. 11, 1988.

Rehearing Denied Nov. 29, 1988.

James P. Crenshaw, Jefferson City, for Labor & Indus. Rel. Comm.

Albert J. Yonke, Kansas City, for Mo. Bldg. & Const. Trades Council, Cent. Mo.

Carpenters Dist. Council, & Laborers Local 588.

Peggy D. Richardson, Jefferson City, for respondent.

Before KENNEDY, C.J., and TURNAGE and BERREY, JJ.

KENNEDY, Chief Judge.

The issue presented by the parties' briefs upon this appeal is which of two prevailing wage determinations is applicable to the re-roofing of the Morgan County Courthouse—the first one, made July 10, 1985 or the second one, made January 10, 1986. Because the Morgan County courthouse roof project has long since been completed under the first determination, and there remains no justiciable controversy, we dismiss the appeal for mootness.

The Labor and Industrial Relations Commission at the request of Morgan County issued its wage determination order 6-071-005 on May 30, 1986, Section 290.250, RSMo 1986, setting prevailing wage rates on the Morgan County Courthouse roof project. The Missouri Building and Construction Trades Council, the Central Missouri Carpenters District Council and Laborers Local No. 588 filed objections thereto, Section 290.260.3, RSMo 1986, and a hearing was held upon said objections, Section 290.260.4, RSMo 1986.

Upon hearing on the objections, it was developed that Morgan County had earlier requested a prevailing wage determination for this project, and prevailing wage determination 6-071-001 had been made in pursuance of such request under date of July 10, 1985. No objection had been filed by anyone to the July 10, 1985 determination, and Morgan County had on August 29, 1985 entered into a contract with Robert J. Beckerdite, d/b/a Beckerdite Construction, for the courthouse roof project. Wage determination 6-071-001 was incorporated into and made a part of the contract.

Beckerdite commenced work on September 9, 1985 and completed the same in April 1986.

While the construction project was in progress, Morgan County on or about November 9, 1985, requested a second prevailing wage determination, and this determination, number 6-071-005, was issued January 10, 1986. The propriety of the Labor and Industrial Relations Commission's action (dated May 30, 1986), in setting aside the wage determination order made pursuant to such second request is the issue in the present case. The second wage determination order, so set aside by the Commission, established lower wages for carpenters than had the earlier determination—$7.00 per hour with no fringe benefits, as against $13.75 per hour plus $1.28 per hour in fringe benefits; and for laborers—$7.00 per hour with no fringe benefits as against $11.75 per hour plus $1.70 per hour in fringe benefits.

The Commission's order with reference to the second determination had the effect of annulling the same and reinstating the first order, No. 6-070-001. (The part of the order that relates to this project is attached hereto as an appendix.) Morgan County intervened and appealed such decision to the circuit court of Morgan County. The circuit court upon review reversed the May 30 decision of the Commission and ordered the later wage determination order 6-071-005 reinstated.

From such circuit court judgment the Labor and Industrial Relations Commission and the earlier named labor organizations have appealed. It is clear not only that the courthouse roof project contract has been entered into on the basis of the earlier wage determination order, to which order no objection had been made within the 30 days allowed therefor, Section 290.260.3, RSMo 1986, but also that the contract has long since been completed on both sides.

We are unable to conceive how a judgment in this case can have any practical operative effect. There is no live justiciable controversy. Whether the circuit court judgment is affirmed, and the Commission's order thereby reversed which set aside the second order and reinstated the first (which is the effect ascribed to it by the parties); or the circuit court judgment is reversed, and the Commission's second

order is in effect affirmed thereby—our decision can have no real and enforceable legal consequences. Our decision could only be advisory and one which would vindicate the position of one or the other of the parties. In such a case, we dismiss the appeal as moot. *V.S. DiCarlo General Contractors, Inc. v. Kansas City Area Transportation Authority,* 564 S.W.2d 588 (Mo.App.1978); *see also Grogan v. Hays,* 639 S.W.2d 875 (Mo.App.1982); *Personal Finance Co. of Missouri v. Day,* 164 S.W. 2d 273 (Mo.1942); *Carrothers v. Beal,* 565 S.W.2d 807 (Mo.App.1978); *Warren v. Warren,* 601 S.W.2d 683 (Mo.App.1980); *Duffe v. Zych,* 676 S.W.2d 70 (Mo.App. 1984); *State ex rel. Dallavalle v. Baine,* 630 S.W.2d 569 (Mo. banc 1982).

The appeal is therefore dismissed as moot.

All concur.

## APPENDIX

One of the objected to Morgan County wage determinations is for the Morgan County Courthouse roof project, wage determination number 6–071–005. That project has been the subject of (two) wage determinations.... The (first) determination, 6–071–001, issued July 10, 1985, was not objected to and became final thirty days after filing with the Secretary of State, on August 10, 1986. Sections 290.-260.2 and 290.270, RSMo 1978. The Courthouse project was started in mid-September, with the contract for this project between Morgan County and Beckerdite Construction having incorporated therein wage determination number 6–071–001. The (second) determination, 6–071–005, issued January 10, 1986, was requested by Morgan County in November, two months after the Courthouse project was begun by Beckerdite Construction. The Commission finds, in light of the above discussion, that the objection to 6–071–005 herein under construction is moot. The (first) determination, 6–071–001, became final on August 10, 1985, there having been no objections to it, and the project in question was commenced utilizing wage determination number 6–071–001. Therefore, Morgan County's request for a (second) determination

and its subsequent issuance and the objection thereto, are all nullities. If Morgan County was not satisfied with the rates found in wage determination number 6–071–001, the proper remedy would have been to file an objection with this Commission pursuant to Section 290.260, RSMo 1978. Rather, Morgan County commenced its project under wage determination number 6–071–001 which had become final pursuant to Section 290.270, RSMo 1978, and some months later requested a new wage determination. This practice of requesting another determination rather than filing a timely objection is not permissible under the current statutory and case law and cannot be condoned by the Commission. See *Hershaw v. Fender–Mason Electric Co.,* 664 S.W.2d 628, 629 (Mo.App., W.D. 1984). Accordingly, the Commission finds that hours worked by workmen on the Morgan County Courthouse roof project should be paid pursuant to wage determination number 6–071–001. The Commission hereby dismisses the objection to wage determination number 6–071–005, as the project for which that request was made, the Morgan County Courthouse roof repair, has already been completed under a final determination of the Department of Labor and Industrial Relations.