STATE of Missouri, Respondent,

v.

Ricky B. BOYD, Appellant.

No. WD 41158.

Missouri Court of Appeals,
Western District.

March 7, 1989.

Lynn M. Ewing, III, Nevada, John A. Parks, Humansville, for appellant.

William L. Webster, Atty. Gen., Mary Stewart Tansey, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and SHANGLER and GAITAN, JJ.

PER CURIAM:

Ricky B. Boyd appeals from two orders of detention and treatment for mental illness, one for 21 days (Sec. 632.330.2, RSMo 1986), and the other for an additional period of 90 days (Sec. 632.340, RSMo 1986). The two appeals have been consolidated.

The 21–day order was made after a hearing on September 16, 1988, and the 90–day order was made after a hearing on October 18, 1988.

The periods of detention have expired and the appeal is dismissed for mootness. *Morgan County v. Labor and Industrial Relations Commission,* 760 S.W.2d 530, 532 (Mo.App.1988); *Grogan v. Hays,* 639 S.W.2d 875 (Mo.App.1982); *V.S. DiCarlo General Contractors, Inc. v. Kansas City Area Transportation Authority,* 564 S.W.2d 588 (Mo.App.1978); *see also State ex rel. Dallavalle v. Baine,* 630 S.W.2d 569 (Mo. banc 1982); *Personal Finance Co. of Missouri v. Day,* 349 Mo. 1139, 164 S.W.2d 273 (1942); *Duffe v. Zych,* 676 S.W.2d 70 (Mo.App.1984); *Carrothers v. Beal,* 565 S.W.2d 807 (Mo.App.1978).

Boyd urges us to decide the issues presented by the appeal for the purpose of clarifying the requirements of Sec. 632.300, et seq., RSMo 1986, under which challenged commitments were made, and of giving guidance to those who are charged with the implementation thereof. We may and sometimes do waive the mootness of an appeal and render a decision and opinion for the purposes suggested by Boyd. "The question of whether to exercise this discretionary jurisdiction comes down to whether there is some legal principle at stake not previously ruled as to which a judicial declaration can and should be made for future guidance." *State ex rel. Missouri Public Service Co. v. Fraas,* 627 S.W.2d 882, 885 (Mo.App.1981); *see also State v. Local No. 8–6, Oil, Chemical and Atomic Workers International Union, AFL–CIO,* 317 S.W.2d 309, 314 (Mo. banc 1958); *Loving v. City of St. Joseph,* 753 S.W.2d 49, 51–2 (Mo.App.1988); *State ex rel. Laclede Gas Co. v. Public Service Commission,* 600 S.W.2d 222, 225 (Mo.App.1980).

Boyd's points on appeal challenge the sufficiency of the 21–day and the 90–day petitions to set forth with the necessary particularity the grounds for his involuntary detention and treatment under Sec-

tions 632.330.2 and 632.340, respectively, RSMo 1986, and challenge the sufficiency of the evidence to sustain the orders of involuntary detention and treatment under the statutory scheme of which those sections are a part.

None of the points pose any novel question which would justify our rendering a decision which can have no real, practical and operative effect upon a live present controversy. *See Grogan,* 639 S.W.2d at 879; *see also Morgan County,* 760 S.W.2d at 531–32; *State ex rel. Hooker v. City of St. Charles,* 668 S.W.2d 641, 643 (Mo.App. 1984); *State ex rel. Southwestern Bell Telephone Co. v. Public Service Commission of Missouri,* 645 S.W.2d 44 (Mo.App. 1982). The statutes themselves are clear and detailed on the points raised by Boyd, and furnish to lawyers and courts, as well as mental health professionals who are involved in the statute's administration, specific step-by-step procedures.

APPEAL DISMISSED.