Louis LEUELLYN, Appellant,

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 42032.**

Missouri Court of Appeals,
Western District.

Nov. 28, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 2, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Louis R. Leuellyn, Rolla, pro se.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

The appellant Louis Leuellyn sought an injunction to restrain the Director of Revenue from enforcing the Nonresident Violator Compact, § 544.046, RSMo 1986; § 302.600, RSMo 1986, expungement of his guilty plea conviction in the Rolla Municipal Court for driving on a suspended drivers license, and reinstatement of his driving privileges.

This suit has been somewhat confusing and is presented now as follows:

—In 1984 the appellant received a ticket in Kansas but failed to appear, and his license was, according to him suspended under Kansas law without ever having received notice.

—Later in 1984 he was stopped for speeding in Rolla, Missouri, and when a check disclosed the Kansas suspension he was charged with and pled guilty to driving on a suspended license.

—His license was then revoked in August of 1984 under Missouri law for driving on a suspended license. No notice of the Missouri suspension was given to him.

—This suit was filed in 1988 and was in progress when the appellant's license was reinstated by the director. However, the appellant refused to take the drivers test or pay the $20 reinstatement fee.

—The trial court granted the director's motion for summary judgment because the controversy was moot after reinstatement, and because it had no jurisdiction to expunge a guilty plea made in 1984 in Rolla Municipal Court.

The appellant has handled his own appeal with zeal and a great deal of skill. From his amended brief and oral argument, it appears to the court the crux of his complaint is with Article IV of § 544.046 the Nonresident Violator Compact and Article IV of the Driver's Compact of § 302.160 which *now* provides in part the director shall not suspend or revoke without notice. This provision was added in a 1985 amendment by the General Assembly, and does not apply to this case.

In any event, the ultimate stumbling block in the way of giving any relief to the appellant is his attempt through this injunction suit is his plea to driving while suspended resulted in this revocation.

The plea of guilty amounted to a declaration against interest—and so long as the plea is not withdrawn, the effect it has stands. *LaMartina v. Hannah,* 675 S.W.2d 444, 446 (Mo.App.1984).

The trial court was correct in determining the matter to be moot. A case becomes moot "when circumstances change so as to alter the position of the parties or subject matter so that the controversy ceases and a decision can grant no relief." *State ex rel. Public Service Com'n of Missouri,* 716 S.W.2d 791, 792 (Mo. banc 1986). Any action now would not aid the appellant since his license has been reinstated, so there is no practical operative effect this court can have, therefore there is no live justiciable controversy. *Morgan County v. Labor & Industrial Relations Commission,* 760 S.W.2d 530, 531 (Mo.App.1988); *Shaw v. Park Hill R–V School District,* 630 S.W.2d 610, 611 (Mo.App.1982). *See also Wilson v. Morris,* 369 S.W.2d 402 (Mo.1963).

The judgment is affirmed.