**UNION ELECTRIC COMPANY,**
Appellant,

v.

**Everett H. BARNHART, Respondent.**

**No. WD 53911.**

Missouri Court of Appeals,
Western District.

Jan. 27, 1998.

Robert Margulis, St. Louis, for Appellant.

Pierre Dominque, Jefferson City, for Respondent.

SPINDEN, Presiding Judge.

Union Electric Company appeals the circuit court's judgment in its favor in its lawsuit against Everett H. Barnhart for negligently damaging a utility pole in Miller County in 1991. Union Electric contends that the circuit court erred in denying its motion for a directed verdict on the issue of damages. We affirm.

Just before midnight on March 31, 1991, Barnhart's pickup crashed into Union Electric's utility pole near the intersection of Miller County W and Lake Road W-22. Un-

ion Electric immediately sent workers to assess the damage and to stabilize the pole. Union Electric workers continued repairing the damage for the next five weeks. The workers installed a new pole and transferred wires and conductors. Relying on a damage repair calculation pursuant to the Uniform System of Accounts,[1] Union Electric computed its damages to be $6458.61.

Barnhart did not contest liability for the damage, but he did contest Union Electric's computation of damages. Union Electric had included in its computation overhead expenses, tool expenses, use of utility vehicles, and labor for putting out a fire which occurred when a crew allowed two energized wires to touch.

Barnhart presented as a witness on the issue of damages, Larry Pettus, a licensed electrical engineer in Missouri with nearly 29 years of experience with the Missouri Public Service and Kansas City Power and Light companies and whose job responsibilities included estimating the cost of repairing utility poles. He testified that Union Electric calculated too much for its labor cost and that the crew had taken too long to replace the pole. He opined that the reasonable cost of repairing the pole hit by Barnhart's pickup was $2840.

Union Electric asked the circuit court to direct the verdict in its favor concerning damages by declaring its calculation to be the correct amount. The circuit court denied the request, and the jury returned a verdict awarding Union Electric &3018. Union Electric filed a motion for judgment notwithstanding the verdict or in the alternative, a motion for a new trial, and the circuit court denied the motion.

In its sole point on appeal, Union Electric contends that the circuit court erred in denying its motion for a directed verdict. It contends, "Having no choice, and having compiled with the mandate of the Uniform System of Accounts and the Missouri Public Service Commission, [Union Electric] is entitled, as a matter of law, to its damages so

calculated, in the amount of $6,458.61." We disagree.

As we said in *Hammer v. Waterhouse*, 895 S.W.2d 95, 99 (Mo.App. 1995):

A trial court should grant a directed verdict only if reasonable persons would not differ on the correct disposition of the case. [*Lee v. Hartwig*, 848 S.W.2d 496, 500 (Mo. App. 1992)]. Directed verdicts in favor of the parties bearing the burden of proof are not favored, and are considered drastic. *Id.* However, a directed verdict may be granted against a defendant when he admits in pleadings, by counsel, or in individual testimony to the truth of the basic facts supporting the plaintiff's claim. *Id.*

The Supreme Court said in *Brandt v. Pelican*, 856 S.W.2d 658, 664–65 (Mo. banc 1993):

Except for ... undisputed documentary proof, a directed verdict is not given in favor of the party having the burden of proof no matter how overwhelming that party's evidence may be or how minuscule the other party's evidence may be; a directed verdict in favor of the party having the burden of proof (usually the plaintiff) is never based upon the plaintiff's evidence. This is in recognition of the fact that the defendant, who has the benefit of the burden of proof, is entitled to try the case with no evidence at all and to rely solely upon the jury disbelieving the plaintiff's evidence. This strategy may result in a loss for the defendant, but it will not be on a directed verdict; the defendant is entitled to have the case go to the jury.

The jury is to calculate damages in a tort action. In *Dayton Construction, Inc. v. Meinhardt*, 882 S.W.2d 206, 209 (Mo.App. 1994), we said:

[T]he jury's broad discretion in determining the amount of damages is conclusive on appeal, especially where the verdict has the approval of the trial court as evinced by its overruling the motion for j.n.o.v. or for new trial. *LaMartina v. Hannah*, 675 S.W.2d 444, 447 (Mo.App. 1984). The assessment of damages by the jury will not be reversed on appeal if there is substan-

---

1. The uniform system of accounts sets forth the accounting rules by which utility companies must record their financial information as man-

dated by the Federal Energy Regulatory Commission (1992), and adopted by the Missouri Public Service Commission.

tial evidence to support the verdict and if damages were returned on any rational assessment of evidence. *Moore v. Missouri Pac. Ry.*, 825 S.W.2d 839, 846 (Mo. banc 1992).

Union Electric contends that, because the federal government required it to keep accounting records a certain way, it is entitled, as a matter of law, to recover repair costs calculated pursuant to the federal government's regulations. It relies on *Board of Public Utilities of City of Springfield v. Fenton*, 669 S.W.2d 612, 615 (Mo.App. 1984), in which this court's Southern District permitted an award for overhead costs as a part of the damages recoverable in the repair of a damaged utility pole. The *Fenton* court noted, however, the "special problems" inherent "in determining what overhead costs are recoverable when [public utility] property is tortiously damaged." *Id.* Because the court discerned "no practicable way to calculate and distinguish that part of 'overhead' costs attributable to a particular repair operation[,]" and determined that the allowance for overhead expenses claimed did not include profit, the court said that "we cannot say those costs were allowed improperly." *Id.* at 616.

■ *Fenton* does not aid Union Electric. Merely because overhead expenses are allowable does not mean that a jury must, as a matter o law, include them in its assessment of reasonable damages in a particular case.[2] Nothing in the federal regulations mandates that, in a tort claim for injury to a public utility's property, a civil court must instruct the jury to award damages in accordance with the uniform system of accounts. We find no support for Union Electric's contention that it was entitled to a directed verdict on the issue of damages because of the requirements of the uniform system of accounts.

■ Barnhart presented evidence contesting the reasonableness of Union Electric's

claimed damages. The jury's award was between the figures proposed by Barnhart and Union Electric. Substantial evidence supported the jury's assessment of damages.

We, therefore, affirm the circuit court's judgment.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.

---

2. In the same vein, the cases cited by Union Electric from other jurisdictions on this issue permitted the inclusion of overhead expenses as a part of the damage awards, but the defendants in those cases had not presented any evidence contesting the reasonableness or appropriateness of the inclusion of overhead expenses as a component of the damage award. In this case, Barnhart contested the reasonableness of Union Electric's claimed damages. The cases, therefore, are not persuasive.