Roseanne Helton CARROTHERS, Helen Perry, and Emma Jean Turner, Individually and as members of the Class of the Interested Public, Plaintiffs-Respondents,

v.

Lena G. BEAL, Jan Tupper, Richard Craig, Dr. Donald E. Clark, Joe Tichota, Bill Mauldin, George Kriekhaus, Jack Belden, and Carl Boyington, Individually and as Councilmen of the City of Joplin, Missouri, Defendants-Appellants.

No. 10138.

Missouri Court of Appeals,
Springfield District.

May 1, 1978.

George C. Baldridge, City Atty., Joplin, for defendants-appellants.

Donald E. Sotta, Carver & Sotta, Joplin, David T. Greis, Kansas City, for plaintiffs-respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

HOGAN, Judge.

Alleging themselves to be "members of a class known as the interested public, [a class] so numerous and widespread that it is impossible and impracticable to make all members a named party hereto" and further averring that they adequately represented "the interested public," plaintiffs brought this injunction proceeding under the provisions of the Open Meetings Act, §§ 610.010–610.030, RSMo Supp.1975, also known as the "Sunshine Law."

The cause was tried to the court, sitting without the aid of a jury, on July 17, 1975. Plaintiff Roseanne Helton Carrothers appeared and testified that she was employed by Omer Carrothers Industries, 1820 East 20th Street, Joplin, Missouri. Her employer was a corporation. She was its "secretary-treasurer." She was also a stockholder. On June 3, 1975, plaintiff Carrothers at-

tended an informal luncheon meeting of the Joplin City Council. She was asked to leave. She refused. She was told she would be "removed by force by the police department if [she] didn't leave." She attended the meeting because "[T]he paper on June 3rd stated that the City Council was holding an informal meeting and . . . [she] thought [she] was justified in attending." She usually "found out" about meetings by reading her newspaper. She was not a resident of Joplin.

Plaintiff Helen L. Perry lived in Joplin. She sometimes attended meetings of the city council, but she had not gone very often because the city council "didn't act like they wanted us down there to start with." Plaintiff Perry had never been denied entry to a "formal" meeting and could not say whether she had ever been denied entry to an "informal" meeting. She knew of no standard procedure used to notify the general public of city council meetings, but usually there was some article in the local newspaper "usually in the back of the paper or towards the middle." It did not appear that plaintiff Perry attempted to attend the informal luncheon meeting from which plaintiff Carrothers was excused or ejected.

We find no testimony given by plaintiff Emma Jean Turner, indeed no indication that she was present at the trial. In connection with the luncheon meeting of June 3, 1975, it appears that members of the Joplin City Council, or some of the members, intended to discuss an evaluation of the personnel of the Joplin Police Department being prepared by some think tank. It does not appear that any official action was taken at the time.

The cause was taken under advisement. On August 21, 1975, the trial court issued a broad and perpetual injunctive order, but for our purposes it is unnecessary to discuss the injunction in detail. As a preliminary to the issuance of a decree, the trial court filed extensive findings. The court considered, among other things, that the Open Meetings Act permitted "closed" meetings, but the charter of the City of Joplin did not. The trial court noticed judicially that Arti-

cle II, § 2.11 of the charter required, as it then did, that "[A]ll meetings of the council shall be open to the public." The court further concluded that to avail itself of the protective provisions of § 610.025, RSMo Supp.1975, the City of Joplin would have to amend its charter. It is clear that the trial court based its judgment on the *charter provisions* rather than the express command of the Open Meetings Act.

The cause was duly argued and submitted in this court and in due course an opinion was prepared and adopted. We concluded that the injunctive order was overly broad, that the plaintiffs probably lacked standing to bring the action and that in any event reversal was required because there had been no compliance with Rule 52.08, V.A. M.R., which governs the maintenance of class actions. Before the opinion was published, however, it came to our attention that the Joplin City Council had prepared an amendment to Article II, § 2.11 of the Charter of the City of Joplin, conforming § 2.11 to the provisions of the Open Meetings Act. Upon inquiry, the City Clerk of the City of Joplin certified to the court that at the regular municipal election held April 4, 1978, the voters of the City of Joplin had approved Charter Amendment No. 22, styled and submitted, in pertinent part, as a "[C]harter Amendment to put the City in compliance with the State Sunshine Law by amending the second sentence of Section 2.11 . . . ." From the manner of proposal and adoption of Charter Amendment No. 22, it is quite clear to us that the City Council and the voters of the City of Joplin intended to and have, literally, incorporated the provisions of the Open Meetings Act into Article II, § 2.11 of the Charter of the City of Joplin.

It has been said many times that the appellate courts of this state do not sit as moot courts to determine speculative issues for the benefit of some other case in judgment at some other time. *State ex rel. Fischer v. Thomas*, 249 Mo. 103, 108, 155 S.W. 401, 402[1] (banc 1913); *State ex rel. Thompson v. Simmons*, 499 S.W.2d 819, 820–821 (Mo.App.1973). Moreover, it has

long been held that for the purpose of determining the moot character of a case before us, we may notice facts and consider matters outside the record. *State ex rel. Donnell v. Searcy*, 347 Mo. 1052, 1059, 152 S.W.2d 8, 10[2] (banc 1941); *Mudgett v. Peterson*, 482 S.W.2d 472, 474[2] (Mo.1972); *State ex rel. Thompson v. Simmons*, supra, 499 S.W.2d at 820[1]. To the extent the injunctive order was proper, it has been supplanted by charter amendment. Accordingly the appeal is dismissed as moot.

All of the Judges concur.