STATE of Missouri, ex rel. the PULITZER PUBLISHING CO., Dennis Hannon and the Herald Co., Relators-Respondents,

v.

The Honorable William T. LOHMAR, Jr., Associate Circuit Judge of the Circuit Court of the County of St. Charles, Div. No. 5, Respondent-Respondent,

Patrick E. Trimble, Appellant.

Nos. 42549, 42552.

Missouri Court of Appeals,
Eastern District,
Division One.

March 30, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied June 14, 1982.

Thomas A. Palumbo, St. Charles, for Pulitzer Pub. Co.

Robert B. Hoemeke, St. Louis, for Dennis Hanlon.

W. Munro Roberts, Jr., St. Louis, for The Herald Co.

Claude C. Knight, St. Charles, for respondent.

Robert C. Babione, Public Defender, St. Louis, for appellant.

STEWART, Presiding Judge.

Patrick Trimble filed a notice of appeal after the trial court denied his motion to intervene and entered its judgment making permanent its preliminary writ in prohibition directing the respondent judge to refrain from proceeding with Trimble's preliminary hearing *en camera* and ordering that the preliminary hearing be open to the public.

Trimble had been charged with the crime of capital murder. When his preliminary hearing commenced on December 6, 1979, counsel for Trimble moved that the proceedings be closed to the public and the press because of the adverse publicity that would result from an open hearing. There already had been considerable publicity with respect to this crime. The trial court heard argument of counsel and permitted

newspaper reporters an opportunity to be heard. The prosecuting attorney had no objection to proceeding *en camera.* The court then ordered all persons with the exception of Trimble, the witnesses, and counsel to leave the courtroom. The court then proceeded with the preliminary hearing *en camera.* The hearing was not completed on that date and was continued to December 11. On December 7, relators, The Pulitzer Publishing Co. and the Herald Co., newspaper publishers, filed their petitions in prohibition to prevent respondent from proceeding with the preliminary hearing *en camera.* The preliminary order in prohibition was granted and a hearing was set. At the hearing Trimble's oral motion to intervene was denied. The court, however, permitted Trimble to participate in the proceeding as amicus curiae. Trimble's counsel participated in the hearing and was offered the opportunity to present any evidence that he desired. Upon completion of the hearing the trial court issued its permanent writ of prohibition.

From admissions in the brief of Trimble, we learn that the preliminary hearing was then had in open court. The court found that there was probable cause to hold Trimble for the crime of capital murder. Trimble was formally charged, tried, and convicted of the crime. An appeal has been taken from the judgment of conviction and is pending in the Supreme Court of Missouri.

There are many issues that could be discussed in this case such as Trimble's right to appeal, and whether from the judgment or from the order denying the motion to intervene. See *State ex rel. Reser v. Martin,* 576 S.W.2d 289 (Mo. banc 1978). We do not, however, have to determine these or other issues under the view that we take of the present posture of these proceedings and of the criminal case.

If Trimble had a right to appeal, the only remedy that we could grant in a cause of this nature would be to remand for further proceeding and permit him to intervene. But this would have no effect because the preliminary hearing was had and the case

was tried. The respondent associate circuit judge has lost jurisdiction of the subject matter of the proceedings in prohibition. Jurisdiction over that cause is in the Supreme Court. No decision of this court would have any affect upon the parties to the proceeding in prohibition. It is thus apparent that so far as this proceeding in prohibition is concerned, the issues sought to be raised by Trimble are moot. *Carrothers v. Beal,* 565 S.W.2d 807 (Mo.App.1978).

Trimble suggests as a remedy we could set aside the conviction in the criminal trial. We have no jurisdiction over the criminal case as stated above. Jurisdiction of that cause is now pending in the Supreme Court. If properly preserved, the questions as to whether the preliminary hearing was defective and whether the defect prejudiced Trimble are properly before the Supreme Court in the direct appeal from the judgment of conviction.[1]

The issues in the cause before us are moot. The appeal is dismissed.

STEPHAN and CRANDALL, JJ., concur.

---

1. See *State v. Wood,* 596 S.W.2d 394, 400 (Mo. banc 1980).