Vernon H. GROGAN, D.C., Larry L. Talley, D.C., Plaintiffs-Respondents-Appellants,

v.

Douglas L. HAYS, D.C., James A. Mertz, D.C., Kenneth Kirchner, D.C., Melvin Jones, D.C., and Ralph Powell, D.C., as Members of and constituting the Missouri State Board of Chiropractic Examiners, Defendants-Appellants-Respondents,

Blair S. Alden, Intervenor-Defendant-Appellant-Respondent.

No. WD 32102.

Missouri Court of Appeals, Western District.

Sept. 14, 1982.

John Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, for Hays, et al.

Thomas J. Downey, Jefferson City, for Blair S. Alden.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The plaintiffs Grogan and Talley, individual practitioners of chiropractic under license by the Missouri Board of Chiropractic Examiners, sue for a declaratory judgment that certain rules and regulations of the Board promulgated to administer Chapter 311, RSMo 1978 and to implement the statutory definition of the *practice of chiropractic* [§ 331.010] exceed the scope of the statute and so are unlawful. They seek also to enjoin the Board permanently from enforcement of the promulgations. The office of the attorney general answered for the Board and denied the invalidity of the agency rules. On motion, chiropractic practitioner Alden intervened to sustain the validity of the rules. In due course, evidence was presented and the trial court rendered declarations of judgment that particular components of the regulations under challenge were unlawful. The defendants and intervenors appeal from the adverse aspects of the judgment, as do the plaintiffs.

The appeals were briefed and argued. In the interim since submission, the General Assembly repealed § 331.010, RSMo 1978 and redefined *practice of chiropractic* by the enactment, in lieu, of a new § 331.010. The provision came into effect on August 13, 1982. The rules and regulations adjudicated by the declaratory judgment now on appeal—4 CSR 70–2.010, 4 CSR 70–2.020, 4 CSR 70–2.030 and 4 CSR 70–2.060 and their several components—define the practice of chiropractic, accepted diagnostic procedures, accepted adjunctive procedures and the ethical professional appellation under the statute. In anticipation of the operation of new § 331.010, on August 2, 1982,

C. Christy Barton, Jefferson City, for Grogan and Talley.

the Board published in the Missouri Register proposed rescissions of 4 CSR 70–2.010, 4 CSR 70–2.020 and 4 CSR 70–2.030, new proposed rules 4 CSR 70–2.020 and 4 CSR 70–2.030 in lieu, and a proposed amendment of 4 CSR 70–2.060. Thus, the Board publication proposed [conformably with the repeal of old § 331.010] to rescind the definition of *practice of chiropractic,* the accepted diagnostic procedures and the accepted adjunctive procedures under that superseded definition, and to amend the acceptable professional title for public address [to conform to yet another statute—enacted after the trial court judgment].

The intervenor-practitioner Alden moves to dismiss the action as moot. The contention is that the redefinition of *practice of chiropractic* by new § 331.010 [and the administrative rule rescissions, new promulgations of accepted diagnostic procedures and accepted adjunctive procedures to conform with the enacted definition] in effect supplants the subject matter on review and renders the judicial declarations of the superseded rules without practical consequence. The plaintiffs contend that the validity of the regulations promulgated under old § 331.010 remains a matter of public importance notwithstanding the repeal and so not subject to the mootness doctrine. They contend also that the issue whether a practitioner may employ the title *chiropractic physician* to the public—adjudicated adversely to the plaintiffs—was a judicial declaration of a rule promulgated under § 331.060 and so remains unaffected by the repeal and reenactment of § 331.010.

In terms of justiciability, a case is moot if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy. E. Borchard, Declaratory Judgments, pp. 81 et seq. (2d ed. 1941). Thus, a case on appeal becomes moot when the issue for review ceases to live. A case, vital at inception of appeal, may cease to live when, during pendency, an intervenient event so alters the positions of the parties or subject matter that a decision adjudicates no rights but delivers only a hypothetical opinion. *Euclid Terrace Corporation v. Golterman Enterprises, Inc.,* 327 S.W.2d 542, 544 [1–3] (Mo.App.1959). A statute may be such an event. Where an enactment supersedes the statute the litigants rely on to define their rights, the appeal no longer presents an actual controversy, and the case will be dismissed as moot. *United Electric Light & Power Co. v. City of St. Louis,* 253 Mo. 592, 161 S.W. 1166, 1168 (banc 1913).

The original § 331.010 is the source of the legal right the plaintiff practitioners seek to vindicate. They contend that the definitions of *practice of chiropractic* [4 CSR 70–2.010], *accepted diagnostic procedures and instruments* [4 CSR 70–2.020] and *accepted adjunctive procedures* [4 CSR 70–2.030] promulgated by the Board to implement that section exceed the scope of the statute and so are unlawful attempts to legislate. In specific terms, the plaintiffs contend that the definition of *practice of chiropractic* enacted by [then] § 331.010 confines the practitioner to manual adjustments, so that to enlarge that confined sanction of the statute by administrative regulations which enable such diagnostic and adjunctive procedures as extraction of blood samples and treatment by thermal, sonic, traction and other devices exceeds lawful authority. The text of then § 331.010 rendered this definition of the practice:

> The practice of chiropractic is defined to be *the science and art of examining and adjusting by hand the movable articulations of the human spinal column,* for the correction of the cause of abnormalities and deformities *of the body.* It shall not include the use of operative surgery, obstetrics, osteopathy, nor the administration or prescribing of any drug or medicine. The practice of chiropractic is hereby declared not to be the practice of medicine and surgery or osteopathy . . . . [emphasis added]

The trial court adopted the thesis advanced by the plaintiff practitioners that the stat-

ute confined the practice of chiropractic to manual examination and adjustment procedures and declared judgment that the component of the diagnostic procedure rule which authorizes the practitioner to draw a blood specimen [4 CSR 70–020(1)(C)1] and the component of the adjunctive procedure rule which authorizes the practitioner to recommend a nutrition regimen [4 CSR 70–030(2) ] are invalid.

The new § 331.010 enacted in the interim since submission of the judgment on appeal redefined the practice:

"1. The 'practice of chiropractic' is defined as the science and art of examination, *diagnosis,* adjustment, *manipulation and treatment* of malpositioned articulations and structures *of the body.* The adjustment, manipulation, or treatment shall be directed toward restoring and maintaining the normal neuromuscular and musculoskeletal function and health. It shall not include the use of operative surgery, obstetrics, osteopathy, podiatry, nor the administration or prescribing of any drug or medicine nor the practice of medicine . . . .

"2. A licensed chiropractor *may practice chiropractic* as defined in Section 1 *by those methods commonly taught in any chiropractic college* recognized and *approved by the board.*

"3. *Chiropractors may advise and instruct patients in* all matters pertaining to hygiene, *nutrition,* and sanitary measures as taught in any chiropractic college recognized and approved by the board." [emphasis added]

The new enactment transcends the *examination and adjustment by hand* limitation of the superseded section and redefines the *practice of chiropractic* in terms of *diagnosis and treatment* as those methods are commonly taught in an approved school—as well. Thus, these components of the new enactment undermine the declarations of the trial court that extraction of blood was a diagnostic procedure incompatible with the *examination and adjustment by hand* stricture of the extant statute and that the chiropractor was precluded to recommend nutrition as an adjunct to treatment of the patient by the same restriction.

The aptness or not of the trial court construction of old § 331.010 and the regulations in aid, of course, does not determine mootness.[1] That question rests on whether the new enactment since judgment renders an appeals opinion on the trial court declarations without practical consequence to the litigants. The old § 331.010 and the attendant regulations no longer govern the practice of chiropractic. The rights the plaintiffs assert as chiropractic practitioners under then extant § 331.010 and the adjudication of those rights by declaratory judgment no longer appertain. The very source of that claim—old § 331.010 and the administrative promulgations—was supplanted. Thus, that claim has become only hypothetical. There remains no actual controversy concerning a legal right. An appeals court does not sit for a moot case. *Carrothers v. Beal,* 565 S.W.2d 807, 808[1–3] (Mo.App. 1978).

The judgment of the trial court declared also that the Board regulations [among them] 4 CSR 70–2.060(11) that: "A chiropractor when describing himself as a doctor to the public may use the term '*Chiropractic Physician*'" [emphasis added] was beyond the authority of then § 331.060.11 that: "No individual licensed doctor of chiropractic, chiropractic clinic or office shall use any

---

1. The new § 331.010 in effect enacts as positive statutory provisions numerous components of the regulations promulgated to implement old § 331.010 and so, by plausible implication, confirms the trial court declaration that the administrative construction that the *practice of chiro-* *practic* under the old statute encompassed, among other things, diagnosis by the extraction of blood—and other methods commonly taught by an approved chiropractic school—and advice as to nutrition were agency exercises beyond the scope of the extant § 331.010.

office sign which contains any information other than the name of the licensed doctor or doctors of chiropractic practicing therein, in conjunction with the title 'D.C.' or 'Chiropractor' ...." This section too was amended after the rendition of the judgment by the trial court. The new enactment, § 311.060(14)(e) [Laws 1981], allows a practitioner to advertise as a *chiropractic physician* on condition that the term *chiropractor, doctor of chiropractic,* or *D.C.* precede that public use. That successor statute ostensibly validates the practice the superseded statute discountenanced. The aptness or not of the trial court declaration, once again, does not determine justiciability of the appeal. The question rests on whether on appeal there remains an actual controversy on a legal right. The regulations the declaratory judgment invalidated under old § 331.060.11 are become without lawful effect—not from any force of the judicial declaration but by the repeal of the statute while that adjudication was still pendant on appeal. 1A C. Sands, Sutherland Statutory Construction §§ 23.19 and 23.33 (4th ed. 1972); *Harkey v. Mobley,* 552 S.W.2d 79, 81[3, 4] (Mo App. 1977); 2 Am. Jur.2d, *Administrative Law* § 252 (1962). The professional conduct of the plaintiffs as licensed practitioners has during the pendency of the appeal come under the governance of new § 331.060. The right of a practitioner to employ the chiropractic physician nomen to the public is now determined by § 311.060(14)(e), a new enactment. An appeals review of the declaration of the trial court that 4 CSR 70–2.060(11) and other regulation components to allow such a professional address violate the then statute, since repealed and superseded, can yield no practical consequence to any right of a litigant. That judgment also is now moot.

■ The plaintiffs insist nevertheless that the case deserves review as a matter of public importance. A court may give review despite the mootness where an issue of public importance promises to recur, yet will evade decision, unless the court accedes to adjudicate. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *State v. Local No. 8–6 Oil, Chemical and Atomic Workers International Union, AFL–CIO,* 317 S.W.2d 309, 314[2, 3] (Mo.banc 1958). The question becomes whether the appeal puts at stake some legal principle on a public question not previously ruled. *State ex rel. Missouri Public Service Company v. Fraas,* 627 S.W.2d 882, 885[1] (Mo.App. 1982). The validity or not of regulations promulgated by an agency under a statute no longer *in esse,* and so not bound to recur, puts at stake no legal principle of interest to the public. Nor does the pervasive interest of the insurance industry in the definition of the lawful scope of chiropractic, and hence any liability for adjunctive and diagnostic services under issued policies [as plaintiffs assert], enjoin our authoritative declaration of the validity or not of regulations promulgated under a statute since superseded. The repeal of § 331.010 and the enactment in the interim of appeal of a successor statute which redefines *practice of chiropractic,* the rescissions of the regulations promulgated under the old section and the new rules proposed by the Board in consequence of the new § 331.010—all confirm that the legal question posed to the trial court: the validity or not of the rescinded regulations, is not a legal issue bound to recur and yet evade review. A claim under an insurance policy for professional services rendered under the superseded § 331.010 definition of *practice of chiropractic* presents an actual controversy justiciable as a private legal right in the usual way. A court does not sit to review an issue in some other case adjudged at some other time. *Carrothers v. Beal,* 565 S.W.2d 807, 808[1–3] (Mo.App.1978).

■ Nor, contrary to contention, does a dispute as to the allocation of the costs transmute a cause of action otherwise moot into a live controversy. *State ex rel. Dallavalle v. Baine,* 630 S.W.2d 569, 571[3] (Mo. banc 1982).

880

The appeal is dismissed. The costs are assessed equally against the plaintiffs and the intervenors.

All concur.