**STATE of Mo. ex rel., Warren HOOKER, et al., Respondents,**

v.

**CITY OF ST. CHARLES, et al., Appellants.**

**No. 46388.**

Missouri Court of Appeals, Eastern District, Division One.

April 3, 1984.

Ronald C. Gladney, Clayton, for respondents.

George A. Weible, St. Charles, for appellants.

SIMON, Presiding Judge.

The City of St. Charles, et al. (St. Charles), appeals from a judgment in the Circuit Court of St. Charles County wherein the trial court issued a "peremptory writ of mandamus" directing St. Charles to comply with arbitration provisions contained in a Work Resolution/Memorandum of Understanding (agreement) between it and Local 1921 of the International Association of

Fire Fighters, representing the fire fighters of St. Charles' fire department.

On appeal, St. Charles contends the trial court erred in: (1) issuing a "peremptory writ of mandamus"; (2) refusing to consider St. Charles' counterclaim; (3) making certain conclusions of law; and (4) ordering the city council, a legislative body, to arbitrate. We dismiss the appeal in that the cause is moot.

On August 6, 1981, St. Charles and the union local entered into a Work Resolution/Memorandum of Understanding (agreement) to be effective from July 1, 1981 through June 30, 1982. Article 24 of the agreement pertains to the grievance procedure which is the basis of this action.

During the period covered by the agreement, grievances arose concerning health insurance and pay increases. The grievance procedure was followed by both parties until the Arbitration Board was to be selected as provided in the agreement. St. Charles refused to comply with the provisions concerning the selection of a chairman of the Arbitration Board.

The union filed a petition on February 19, 1982 seeking "a peremptory writ of mandamus commanding the City of St. Charles … to perform all acts necessary to comprise an arbitration board pursuant to Article 24." St. Charles counterclaimed in three counts, the first of which is pertinent to this appeal. Count I of the counterclaim is labeled "Declaratory Judgment", alleges that the collective bargaining agreement "is not an enforceable contract binding upon Defendant City of St. Charles" and seeks a declaration by the court to that effect. After trial on an agreed statement of facts, the trial court issued a peremptory writ of mandamus on June 27, 1982 commanding St. Charles to process the grievances to arbitration pursuant to Article 24, to perform all necessary acts to select an arbitration board, to submit disputes to arbitration and to abide by any decision of the Arbitration Board.

In conjunction with the writ, the trial court made findings of fact and conclusions of law. The conclusions of law are as follows:

1. Jurisdiction is appropriate with this court.

2. The existing Memorandum of Understanding/Work Resolution is binding upon the City, and under Article 24 of said Memorandum of Understanding/Work Resolution the City is bound to arbitrate disputes properly brought through the grievance procedure and not earlier resolved.

3. The clear intention of the parties and the practice of the parties under similar contract language is that the arbitration clause is valid and enforceable (citations omitted).

4. The City is in breach of its contractual obligation to arbitrate and mandamus lies to compel the performance of an official duty under this binding contract to arbitrate; it being found that a clear and unequivocal right to arbitration exists to which the City is not adhering and there being no adequate legal remedy. (citations omitted).

Before continuing, we note that St. Charles' brief did not contain a jurisdictional statement as required by Supreme Court Rules 84.04(a)(1) and (b). We will refrain from a strict application of the rule but resort merely to an acknowledgment of the importance of the requirement. *See, Norman v. Ballentine*, 627 S.W.2d 83, 84–85 (Mo.App.1981). *See also, Amish v. Walnut Creek Development, Inc.*, 631 S.W.2d 866, 868[1] (Mo.App.1982).

The union, in a motion filed with this court and in its brief, contends the cause has become moot and the appeal, therefore, should be dismissed. In support of the motion, an affidavit was filed, signed and sworn to by counsel of the union. The affidavit provides that St. Charles has complied with the writ in that an arbitration board was appointed, the grievances were submitted to arbitration, a decision was rendered and the parties agreed to comply with the board's decision. Further, the af-

fidavit states during argument before the trial court concerning St. Charles' motion for new trial the contention that the cause is moot was raised by the union and uncontested by St. Charles. No counter-affidavit or other filings on this point in behalf of St. Charles appear in the record or our court's files.

An appellate court does not exercise its jurisdiction where the cause has become moot. *Warren v. Warren*, 601 S.W.2d 683, 687[11, 12] (Mo.App.1980). Therefore, where an event occurs which makes a decision on appeal unnecessary or which makes it impossible for the appellate court to grant effectual relief, the appeal should be dismissed. *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982). In determining whether a cause has become moot, it is proper to consider uncontroverted affidavits. *Kelly v. Boy's Club of St. Louis*, 588 S.W.2d 254, 255[1] (Mo.App.1979). Here, the affidavit is uncontroverted. Accordingly, the controversy is moot.

However, even if a cause is moot, a court may, in its discretion, review the cause if the issue presented is of public importance and interest, and likely to recur but will evade appellate review unless the court acts. *Grogan*, supra, at 879[4, 5]. Here, the agreement which forms the basis of this appeal has expired and St. Charles has fully complied with the trial court's order. Therefore, the issues raised by this particular factual situation are not likely to recur. Accordingly, we shall not address the points of error raised.

Appeal dismissed.

STEPHAN and KAROHL, JJ., concur.