Don **GARRISON** and Don Garrison, **d/b/a a Certified Plumbing and Sewer Company, and Arlies Plumbing and Sewer Company, Appellant,**

v.

**PUBLIC SERVICE COMMISSION OF the STATE of MISSOURI, Respondent,**

and

**Southwestern Bell Telephone Company, a Corporation, Respondent,**

and

**Southwestern Bell Publications, Inc., Respondent.**

**No. WD 40698.**

Missouri Court of Appeals, Western District.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1989.

Application to Transfer Denied Aug. 1, 1989.

Joseph J. Dolgin, Dolgin, Beilenson, Klein, Lake and Nodiff, Clayton, for appellant.

Andrew Snider, Jefferson City, for Public Service Com'n.

James A. Daugherty, St. Louis, for Southwestern Bell Telephone Co.

Jack C. Lorenz, St. Louis, for Southwestern Bell Publications.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

This is an appeal from a decision by the Missouri Public Service Commission (PSC), which dismissed a complaint by Don Garrison charging discrimination by Southwestern Bell Telephone Company and Southwestern Bell Publications, Inc., in restricting Garrison's access to yellow pages directories. We hold the issues presented by the complaint to be moot and therefore dismiss the appeal.

For purposes of this opinion, it is not necessary to relate all details of the dispute between Garrison and Southwestern Bell or to decide the merit or lack of merit in Garrison's complaint about discriminatory treatment. Instead, there follows a summary of events intended only to demonstrate the factual basis on which the decision to dismiss the appeal is based.

Garrison operated a business in the St. Louis area. For the years 1971 through 1981 he used the telephone yellow pages directory to advertise his business, listing various telephone numbers and indicating for each the geographical area which ostensibly would be served by a call to that number. In 1981, Southwestern Bell Telephone, the then publisher of the yellow pages, omitted one of the six numbers Garrison had asked to have inserted in the display ad. This led to a dispute over what amount Garrison should pay for the 1981 publication. The account was not settled, the company filed suit, Garrison interposed a counterclaim and the case remains pending in the circuit court of St. Louis County.

When Garrison submitted directory advertising for the 1982 yellow pages, the company required an advance payment or guarantee before the listing would be accepted. Because such payment was not made, Garrison's yellow pages advertising was omitted from the 1982 and 1983 editions.

Southwestern Bell Publications was organized in 1984 as an independent corporation in consequence of the federal court order divesting regional telephone companies from ownership by American Telephone and Telegraph Co. For the year 1984 and thereafter, Southwestern Bell Publications assumed responsibility for publishing the yellow pages directories. This company also refused to include Garrison's advertising without the guarantee of a letter of credit. Garrison did comply and his material was included in the 1984 and 1985 editions.

On March 20, 1985, Garrison filed a complaint with the PSC alleging that Southwestern Bell Telephone Co. had discriminated against him with respect to yellow pages advertising in that the requirement for advance payment on advertising

charges was not uniformly applied. He contended, in effect, that the company was singling him out for extraordinary treatment because of the dispute over the 1981 account. On June 10, 1985, the PSC entered an order setting the case for hearing and sua sponte ordered Southwestern Bell Publications, Inc., joined as a party.

The case was heard by the PSC in three sessions, July 26, 29 and August 1, 1985, briefs were filed and the PSC issued its report and order September 12, 1985 dismissing the complaint. Garrison sought review in the circuit court which then issued its judgment affirming the decision by the PSC.

It is significant to note that the relief Garrison sought before the PSC was a declaration that the action by Southwestern Bell Telephone Co. in refusing to accept Garrison's display advertising for the 1982 and 1983 directories without an advance deposit was unreasonable, arbitrary and unlawful, that similar conduct by Southwestern Bell Publications for the years 1984 and 1985 was likewise unreasonable and discriminatory and that in consequence, the PSC should order the two companies to cease and desist such practices.[1] The remedy on this appeal, were Garrison to prevail, could only be a remand of the cause to the PSC with directions that the orders prayed for be entered.

As noted above, at the time the controversy over Garrison's yellow pages ad began, Southwestern Bell Telephone Co. published the yellow pages directories and collected the charges for the service. Since January 1, 1984, however, the yellow pages have been published by Southwestern Bell Publications, a separate and nonregulated publishing company as assignee of the properties formerly used by the telephone company to prepare and distribute that directory.

In 1985, the general assembly recognized the effects of the federal court divestiture order as regards the publication of the yellow pages directories and amended § 386.330.4 (now RSMo Supp.1988) which, in its presently modified form, reads as follows:

> Notwithstanding the power of the commission over telecommunications companies, the commission shall not have jurisdiction over complaints concerning yellow pages listings and advertisements;
> * * * .[2]

Thus, even were it to be assumed that Southwestern Bell Publications engaged in any discriminatory practices against Garrison, a highly doubtful premise under Garrison's own testimony, the PSC now has no regulatory authority over Southwestern Bell Publications which would give the PSC jurisdiction to enter any effective orders in the manner Garrison seeks.

With respect to Southwestern Bell Telephone Co., if the subject is a complaint about yellow pages listings and advertisements, the PSC has no greater jurisdiction under § 386.330.4, RSMo Supp.1988, than it has over Southwestern Bell Publications. This follows because there is no claim that charges or costs for yellow pages publications entered into the cost of subscribers telephone service, the only area in which the PSC retains a regulatory function. Moreover, the undisputed fact that Southwestern Bell Telephone Co. has not published the yellow pages directories since 1983 renders any proposed cease and desist order an exercise in futility.

In *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982), this court cited authority for the propositions that (1) a case is moot if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy and (2) where an enactment supersedes the statute the litigants rely on to define their rights, the appeal no longer presents an actual controversy and the case will be dismissed as

---

1. No claim has been made in any of the pleadings that Garrison's telephone numbers were not published in directories as are all numbers of subscribers to telephone service. It is only display advertising which is at issue.

2. The commission does retain jurisdiction over revenues and costs of yellow page listings to the extent they affect the rates charged by a telecommunications company, that is, in implementing the commission's ratemaking function.

moot. *Grogan* was cited with approval in *State ex rel. Monsanto Co. v. Public Service Comm'n*, 716 S.W.2d 791, 793 (Mo. banc 1986). The facts of *Grogan* are of interest because of their similarity to the present case in the matter of post-dispute statutory revision.

Vernon Grogan and Larry Talley, co-plaintiffs, were engaged in the practice of chiropractic. They were licensed by the Missouri Board of Chiropractic Examiners which board had promulgated rules and regulations under the authority of Chapter 331, RSMo 1978. Petitioners challenged the rules which the board had issued and sought a declaration they were unlawful. After the case had been heard, the General Assembly repealed § 331.010, RSMo 1978, the effect of which was to suspend and ultimately to supersede the rules of which the petitioners had complained. The court held that a challenge to the validity of rules promulgated under a statute which has been repealed puts no legal issue for decision which is of interest or of practical consequence to any right of a litigant.

The subject case presents a controversy in the same pattern as *Grogan* which controls the result. An order to Southwestern Bell Telephone Co. regarding any conduct associated with yellow pages advertisements would have no practical consequence in view of the fact that the company does not publish that directory and has not done so since 1983. The Southwestern Bell Publications Co., which has assumed the function of publishing the yellow pages, and against whom a prospective order could arguably be effective, is not subject to PSC regulatory orders. Just as in *Grogan*, the action by the General Assembly in amending the statute has rendered this controversy moot.

By this disposition, Garrison is not left without a forum in which to adjudicate his claim. According to the briefs, the circuit court suit in St. Louis County remains pending as a vehicle to resolve both the claim against Garrison for the unpaid advertising bill and his counterclaim for damages attributable to the conduct of Southwestern Bell Telephone Co. in excluding his listings from yellow pages directories in 1982 and 1983. Any dissatisfaction Garrison may have with later yellow pages directories must also be relegated to civil actions because of the termination of PSC regulatory authority over that aspect of the telecommunications business.

For the reasons stated, the appeal is dismissed.

All concur.