**CITY OF ST. LOUIS, Plaintiff/Respondent,**

v.

**Thomas B. ROE and Auto Cleaning Professionals, Inc., Defendants/Appellants.**

**No. 58414.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

---

**30**

J.B. Dickerson, Jr., St. Louis, for defendants/appellants.

Nancy Rebecca Kistler, James J. Wilson, Government Counsel, St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was found guilty by the trial court of creating a nuisance in violation of City Ordinance Numbers 11.58.240 and 11.58.050 and was fined one hundred dollars. We reverse.

The information alleged that defendant on the 24th of May 1989, at 4301 Connecticut, in the City of St. Louis, "did then and there unlawfully fail to abate violation of Health Ordinance as follows: 11.58.240 Waste water or frefuse [sic] discharging in street, alley, etc. In violation of Section 11.58.240 and 11.58.050; Revised Code, City of St. Louis, 1980."

City Ordinance 11.58.240 reads:

Whenever from any distillery, brewery, tannery, hidehouse, pork house, laundry, fish house, soap factory or any yard, dwelling store or factory, or any yard or inclosure of any kind whatsoever within the limits of the City there is discharged into or on any street, avenue, wharf, alley, sidewalk, gutter, or any vacant lot, any filthy or offensive water, smell or liquid waste or refuse of any kind of an offensive character which is offensive or which is liable to become so, the same shall be deemed a nuisance.

City Ordinance 11.58.050 reads:

If the owner, his agent and the occupant fail to abate a nuisance after an order by the health commissioner to do so, each shall be guilty of a misdemeanor.

The case was submitted to the court on the following stipulated facts:

1) On or about May 24, 1989, defendant was the occupant of the premises located at 4301 Connecticut, St. Louis, Mo., operating an auto cleaning business which business includes the washing of cars.

2) On that date the defendant's agents washed cars, and water from said washing was discharged into the adjacent alley sidewalk and street.

3) That the defendant uses a biodegradable solvent known as "Top Suds" to wash the cars, that the substance does not contain any toxic chemicals, and the product is asserted not to cause any health hazards.

4) That adjacent to the premises is Connecticut Street which contains adjacent to the defendant's premises a storm sewer for receiving rainwater and the storm sewer receives the wash water from defendant's operation.

5) That on said date there existed in full force and effect City of St. Louis Ordinances 11.58.2040 and 11.58.050, certified copies of said Ordinances attached hereto.

The trial court found the defendant guilty and its findings focused on whether the water in question was "filthy or offensive." Relying on Webster's II New Revised University Dictionary, the court noted the word "filthy" referred to "foul matter; repellant refuse; corrupt condition; or that which is 'so objectionable as to elicit

despisal.' " "Offensive" was defined "as that which is 'disagreeable to the senses' or 'causes anger, resentment, displeasure, or affront.' " The court found that because the water contained Top–Suds, it was in a "corrupt condition" and, therefore, was "filthy or offensive."

The defendant contends the trial court erred in finding the car wash water was "filthy or offensive" because the evidence does not support such a finding. We agree.

"Ordinance violation actions are quasi-criminal and, on review, we must sustain the judgment of the trial court unless there is no substantial evidence to support it when the evidence and reasonable inferences therefrom are viewed in the light most favorable to the city; we do not weigh the evidence." *City of Webster Groves v. Erickson,* 763 S.W.2d 278, 279 (Mo.App.1988).

▰ The trial court seized upon the phrase "corrupt condition" in defining filthy.[1] In that the water contained a foreign substance that definition was, in a narrow sense, a correct one. However, when a court construes an ordinance it should give the words their ordinary meaning and consider the entire act and its purposes to avoid unjust, absurd, unreasonable, confiscatory, or oppressive results. *City of Webster Groves v. Erickson,* 763 S.W.2d 278, 279 (Mo.App.1988). The ordinary meaning of "filthy" is a negative one. It is not the mere neutral presence of a foreign substance. Likewise, "offensive" contemplates some negative characteristic. Webster's Ninth New Collegiate Dictionary defines "biodegradable" as "capable of being broken down, especially into innocuous products by the action of living things (as micro-organisms)." The common thread in the definitions cited by the trial court is that a filthy or offensive condition requires some harm, whether physical, aesthetic or moral.

The limited record before us presents no evidence the defendant's conduct was harmful in a physical, aesthetic, or any other manner. There was no evidence that it was "filthy or offensive." Thus the trial court's judgment was not supported by substantial evidence and must be reversed.

Judgment reversed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. We find no Missouri cases which define "offensive" or "filthy" in the nuisance context. Black's Law Dictionary says, as related to nuisance, offensive "means noxious, causing annoyance, discomfort, or painful or disagreeable sensations."