CITY OF BOONVILLE, Missouri,
Respondent,

v.

Joe ROWLES and Phyllis
Rowles, Appellants.

No. WD 47514.

Missouri Court of Appeals,
Western District.

Feb. 8, 1994.

James F. Crews, Crews, Gaw, Lutz & Opie, Tipton, for appellants.

J. Michael Conway, Conway, Blanck & Conway, Boonville, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

Joe and Phyllis Rowles appeal the judgment of the trial court upholding the decision of the City Council of the City of Boonville, Missouri, to suspend the Rowles' liquor license for a period of ten days. The Rowles raise two points on appeal, contending that the trial court erred (1) in finding that paragraph six of § 3–32A of the Code of General Ordinances of the City of Boonville was not unconstitutionally invalid and (2) in finding that even if paragraph six of § 3–32A of the Code of General Ordinances of the City of Boonville was unconstitutional, it was severable from the remainder of the ordinance. The City of Boonville has filed a motion to dismiss, alleging that the Rowles' business is no longer in operation and that, therefore, the suspension of their liquor license has become moot. The motion to dismiss is denied, and the judgment is affirmed.

Joe and Phyllis Rowles operated a business known as Mr. J's Lounge within the city limits of Boonville, Missouri. The Rowles were granted a license under the general ordinances of the City of Boonville to serve liquor by the drink.

Sometime late in the evening of January 3, 1992, or in the early morning hours of January 4, 1992, Norman Overton was stabbed to death by Jerry Jones outside of, but within 300 feet of, Mr. J's Lounge. Prior to the homicide, an argument between Mr. Overton and Mr. Jones had occurred inside Mr. J's Lounge. Although witnesses agreed the argument was serious, they disagreed as to whether it involved threatened fisticuffs, shoving or the display of a knife. An employee of Mr. J's reported the disturbance to Phyllis Rowles, who accepted offers from two patrons of the establishment to remove Mr. Overton from the premises. Mr. Jones left the lounge after Mr. Overton, and the confrontation resumed in the street immediately outside the lounge. The trial court found that another employee of Mr. J's observed the disturbance outside for approximately ten minutes and that he saw Mr. Overton brandishing a knife in the presence of Mr. Jones during that time. An altercation occurred, as a result of which Mr. Overton died.

In response to the altercation and ensuing homicide, the Boonville City Council initiated proceedings for the revocation or suspension of the Rowles' liquor license under § 3–32 of the Code of General Ordinances of the City of Boonville. The city council alleged in part that the Rowles violated paragraphs four and six of § 3–32A of the Code of General Ordinances. Section 3–32A(4) and (6) provide:

A.) The City Council may suspend, revoke or refuse to renew a license issued pursuant to this article, upon findings of fact, conclusions of law, and an order therewith, following a notice and hearing as hereinafter provided if it is not in the best interest of the City to allow operation under the existing license or if the licensee or his employees or agents shall have been shown to be guilty of, to have violated or

committed, or to be involved in, any of the following:

. . . . .

4. The licensee has violated any of the provisions of Section 3 of the General Ordinances of the City of Boonville, Missouri, relating to alcoholic beverages, the state liquor control law or its regulations as codified in the Code of State Regulations of the State of Missouri;

. . . . .

6. The licensee has operated or allowed the licensed business to be operated in such a manner that the licensed business or its patrons offend the decency or senses of, or otherwise injure or endanger the comfort, repose, health or safety of others within a radius of three hundred (300) feet of the licensed business;
. . .

The city council contended that the Rowles violated paragraph four of § 3–32A by failing to comply with Missouri state regulation 11 CSR 70–2.130(13).[1] The council charged that Phyllis Rowles or her employees "knew or should have known that an illegal or violent act ... [had] occurred on or about the licensed premises" between Mr. Jones and Mr. Overton and that they "failed to immediately report the occurrence to law enforcement [a]uthorities." *See* 11 CSR 70–2.130(13)(B) (1992). The city council claimed that the Rowles violated paragraph six by operating their lounge in such a manner that "Norman Overton and/or Jerry Jones offended the decency or senses of others, and or endangered the comfort, repose, health or safety of others within a radius of 300 feet" of the lounge.

A hearing was held before a master. Both the City of Boonville and the Rowles present-

ed evidence. After the hearing, the master made findings of fact and conclusions of law, concluding that the Rowles failed to immediately report the disturbance to law enforcement authorities (in violation of paragraph four of § 3–32A) and that they failed to prevent their business patrons from offending or injuring others within a radius of 300 feet from their licensed premises (in violation of paragraph six of § 3–32A). The master recommended that the Rowles' liquor license be revoked.

The city council did not follow the master's recommendation and voted instead to suspend the Rowles' liquor license for ten days. The Rowles then filed a petition for review of the suspension in the Circuit Court of Cooper County, and requested that the suspension be stayed pending the final hearing on their petition for review. The petition for review and request for a stay were granted, and the case was presented to the trial court. The trial court concluded that paragraphs four and six of § 3–32A were violated by the Rowles. The trial court concluded that paragraph six was valid and that even if paragraph six were unconstitutional, paragraph four was valid and enforceable. The trial court found that paragraph six is severable and that the remaining portions of the ordinance are complete and susceptible of enforcement. Upon determining that the Boonville City Council had jurisdiction and that its decision to suspend the Rowles' liquor license was valid, the trial court lifted the temporary stay order. The Rowles appeal the trial court's decision.

Subsequent to the filing of the appeal in this case, the City of Boonville filed a motion to dismiss. The City's motion is taken with the appeal.

---

**1.** Missouri state regulation 11 CSR 70–2.130 governs the conduct of retail liquor establishments. Subsection 13, entitled "Improper Acts," provides:

(A) At no time, under any circumstances, shall any licensee or his/her employees immediately fail to prevent or suppress any violent quarrel, disorder, brawl, fight or other improper or unlawful conduct of any person upon the licensed premises, nor shall any licensee or his/her employees allow any indecent, profane or obscene language, song, entertainment, lit-

erature or advertising material upon the licensed premises.

(B) In the event that a licensee or his/her employee knows or should have known, that an illegal or violent act has been committed on or about the licensed premises, they immediately shall report the occurrence to law enforcement authorities and shall cooperate with law enforcement authorities and agents of the Division of Liquor Control during the course of any investigation into an occurrence.

## Motion to Dismiss

■ The City of Boonville has asked this court to dismiss the Rowles' appeal, contending the appeal is moot. With its motion to dismiss, the City of Boonville submitted an affidavit of a city employee charged with the duty of issuing business licenses. The employee stated in her affidavit that Mr. J's Lounge was no longer in business, that a new business had obtained a business license to operate at the former location of Mr. J's Lounge, and that she was unaware of any business presently operated by Joe and Phyllis Rowles within the city limits of Boonville which required that they have a liquor license. Citing *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982), the City of Boonville argues that the fact that the Rowles are no longer operating a business which requires a liquor license in Boonville either makes a decision on appeal unnecessary or makes it impossible for this court to grant effective relief to the Rowles, thereby rendering the Rowles' appeal moot.

A case is moot "if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy." *Id.* Even though the Rowles are no longer operating Mr. J's Lounge, the City's disciplinary action affects their ability to obtain or maintain a liquor license and a decision by this court reversing the suspension could provide them relief. *See Jones v. Snead*, 431 F.2d 1115, 1116 (8th Cir.1970) (where the Eighth Circuit Court of Appeals found that the expiration of a semester suspension appealed by the students it was imposed upon did not render the students' appeal moot, specifically noting that "[s]ince collateral effects may flow from the penalty, the expiration of the semester suspension does not moot this controversy"). The Rowles' appeal, therefore, is not moot, and this court will determine the merits of the case.

## The Appeal

The Rowles argue as their first point on appeal that the trial court erred in finding that paragraph six of § 3–32A of the Code of General Ordinances of the City of Boonville was valid. The Rowles claim that paragraph six of § 3–32A is "vague and indefinite" be-

cause it allows liquor licensees to be penalized for the actions of third parties occurring within a 300 foot radius of the licensed liquor establishment. As their second point on appeal, the Rowles contend that the trial court erred in finding that even if paragraph six of § 3–32A of the Code of General Ordinances of the City of Boonville were unconstitutional, paragraph four of § 3–32A is valid and constitutionally enforceable. The Rowles maintain that the unconstitutionality of paragraph six renders the entire ordinance invalid. Because this court finds that the Rowles' second point on appeal is dispositive, this court will not address point one.

■ This court need not determine whether or not paragraph six is valid, because even if paragraph six were invalid, the remainder of the ordinance should not be stricken down as void "unless it may be found judicially that the City Council would not have passed the entire enactment if it had known of such invalidity." *Pearson v. City of Washington*, 439 S.W.2d 756, 762 (Mo.1969). *See also Wilson v. City of Waynesville*, 615 S.W.2d 640, 642 (Mo.App.1981); *City of Rolla v. Riden*, 349 S.W.2d 255, 259 (Mo.App.1961).

■ Section 3–32 in its entirety reads as follows:

**Section 3–32 Revocation, suspension or refusal to renew liquor license**

A.) The City Council may suspend, revoke or refuse to renew a license issued pursuant to this article, upon findings of fact, conclusions of law, and an order therewith, following a notice and hearing as hereinafter provided if it is not in the best interest of the City to allow operation under the existing license or if the licensee or his employees or agents shall have been shown to be guilty of, to have violated or committed, or to be involved in, any of the following:

1. The licensee or any of the officers or the managing officer of the licensee is convicted of a crime involving a felony;

2. Any false, misleading or fraudulent statement of fact is present in the license application of the licensee or in any other document required by the city in conjunction therewith;

3. The licensee, or if the licensee is a corporation then the managing officer of such corporation, is not a qualified voter and a tax paying citizen of the State of Missouri;

4. The licensee has violated any of the provisions of Section 3 of the General Ordinances of the City of Boonville, Missouri, relating to alcoholic beverages, the state liquor control law or its regulations as codified in the Code of State Regulations of the State of Missouri;

5. The licensee has no valid license from the state supervisor of liquor control;

6. The licensee has operated or allowed the licensed business to be operated in such a manner that the licensed business or its patrons offend the decency or senses of, or otherwise injure or endanger the comfort, repose, health or safety of others within a radius of three hundred (300) feet of the licensed business;

7. The licensee has not at all times kept an orderly place or house or the licensee has failed to properly control his or its customers. The licensee shall use good judgement in the sale of all beverages for which he or it requires a license under this article and shall not sell the same to persons obviously intoxicated. If any customer becomes unruly or abrasive, it shall be the duty of the licensee to call and fully cooperate with police and other law enforcement authority. The licensee shall take appropriate and necessary steps to supervise the premises immediately outside the licensed business, shall keep said premises free from litter, and shall not allow the premises to become a gathering location for the business's customers.

8. The licensee has failed to comply with Section 70–2.140(13) or (14) of the Code of State Regulations of the State of Missouri.

B.) Notice of the Hearing and the hearing will be conducted according to the procedures of Chapter 536, RSMo. as they apply to cities of the third class, and the cause for the proposed revocation, suspension or refusal to renew a license shall be delivered to the licensee at the licensed business to any person in charge or employed at such licensed business.

Section 3–32 allows the city council to regulate businesses serving liquor within the city limits of Boonville by giving the city council the authority to revoke, suspend, or refuse to renew liquor licenses if, after notice and a hearing, the council finds either that it would not be in the city's best interest to allow a business to operate under an existing liquor license or that a licensee or his or her employees or agents are found to have violated the provisions of any of eight paragraphs. Section 3–32 would give the city council the authority to regulate those businesses through revocation, suspension, non-renewal of licenses even without paragraph six, for as the trial court noted, the balance of § 3–32 "is broad and deals with licensing liquor establishments and controls the operation thereof in other respects entirely separable from the conduct intended to be proscribed by [paragraph] 6."

The Rowles argue that paragraph 6 is the only provision defining the parameters of the premises outside an establishment intended to be controlled by the ordinance. Therefore, the Rowles contend that paragraph six cannot be severed from the remainder of the ordinance. However, the city council's intent that the eight paragraphs be interpreted independently of each other is evident from the language of the ordinance, which provides that a violation of *any* of the eight paragraphs would support a suspension, revocation, or non-renewal of a liquor license. *See City of Joplin v. Joplin Water Works Company*, 386 S.W.2d 369, 373 (Mo.1965) ("The intent of a municipal legislative body 'is to be found primarily in the language of the ordinance.'" (citation omitted)) and *City of St. Louis v. Roe*, 823 S.W.2d 29, 31 (Mo.App. 1991) ("[W]hen a court construes an ordinance it should give the words their ordinary meaning....")

Given the apparent desire of the Boonville City Council to be able to regulate businesses such as Mr. J's Lounge and given the fact that paragraphs one through five and seven through eight of subsection A provide the council with the means to do that, this court

cannot say that the council would not have passed § 3–32 if it had known that paragraph six was invalid. Point two is denied.

Both the master and the trial court found that the Rowles had violated paragraph four of § 3–32A, and the Rowles do not contend that they did not violate the provisions of paragraph four. Section 3–32A provides that the council may suspend a liquor license for the violation of any of the eight paragraphs. This court has concluded that any unconstitutionality of paragraph six would not invalidate the remaining provisions of § 3–32, including paragraph four. The judgment of the trial court upholding the Boonville City Council's decision to suspend the Rowles' liquor license for ten days is affirmed.

All concur.