**STATE ex rel., GARDEN VIEW CARE CENTER, Appellant,**

v.

**MISSOURI HEALTH FACILITIES REVIEW COMMITTEE, Respondent.**

No. WD 51766.

Missouri Court of Appeals, Western District.

May 14, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1996.

Application to Transfer Denied Aug. 20, 1996.

Harvey M. Tettlebaum, Jefferson City, for appellant.

Timothy A. Hausman, Jefferson City, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

 Appellant, Garden View Care Center of St. Louis, Inc., appeals the order of the Circuit Court of Cole County quashing the Preliminary Writ of Prohibition issued in favor of appellant against the respondent, Missouri Health Facilities Review Committee. Jurisdiction is proper in this court. While our rules of civil procedure permit appellant to file its writ of prohibition in this court, an appeal of the lower court's order quashing the preliminary writ is also permissible. *Southwestern Bell Tel. Co. v. Missouri Comm'n on Human Rights*, 863 S.W.2d 682, 683 (Mo.App.1993). Indeed, Rule 84.22 prohibits this court from issuing a writ of prohibition where an appeal will afford adequate relief. This is such a case.

## FACTS

Appellant applied for and received a Certificate of Need (CON) from respondent in order to develop a nursing facility. Section 197.315.9, RSMo 1994, which has not been amended during this dispute, requires the holder of a CON to make a capital expenditure within six months of receiving the CON or it is subject to forfeiture. Also in effect at this time was 19 CSR 60—50.130(1) which essentially mirrored § 197.315.9. Appellant received a letter from respondent stating it found that appellant incurred a capital expenditure within six months and hence, the CON was valid and in good standing.

Approximately three years later, a new regulation, 19 CSR 60—50.071, became effective and replaced the earlier rescinded 19 CSR 60—50.130(1) as the applicable regulation. This new regulation held a CON subject to forfeiture unless the holder made an actual expenditure of at least ten percent of the total project amount within twelve months of the CON. After more than a year passed from when the amended regulation took effect, respondent notified appellant that its CON was subject to forfeiture for failure to expend at least ten percent of its total project amount. The CON Program Staff recommended forfeiture to respondent and a meeting date was set to make a decision on the recommended forfeiture.

Appellant filed a petition before the meeting date seeking a writ of prohibition in the circuit court to prohibit respondent from taking any action to forfeit appellant's CON. The circuit court issued a preliminary order in prohibition. While the preliminary writ was in effect, the regulation which respondent was threatening appellant's CON with was rescinded. Three years after the preliminary writ was issued, the court quashed its preliminary order and dismissed appellant's petition. Appellant brings this appeal.

Appellant has five points on appeal, all of them requesting us to reverse the circuit court's order quashing the preliminary writ and to enter an order making the writ permanent. The central issue is the retroactive application of the regulation to appellant's CON. We will address this issue directly rather than under the structure of appellant's points relied on.

## DISCUSSION

 Respondent contends that this case was rendered moot because the regulation which appellants seek to prohibit respondent from applying has been rescinded. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984). We must dismiss a case as moot if an event has occurred which renders an opinion unnecessary. *Id.* As this court has put it, "a case on appeal becomes moot when the issue for review ceases to live." *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo. App.1982).

The *Grogan* case presented an issue concerning the scope of certain rules and regulations applicable to a statute. Because the statute was repealed while the case was pending and reenacted in a manner redefining the rights at issue, and because the rules and regulations were proposed to be rescinded, the court held that deciding the appeal on the merits would "yield no practical consequence to any right of a litigant." *Id.* at 879. This case is analogous to *Grogan*, but here the regulation has been rescinded while the

statute remains in effect. This is of little consequence in this case as appellant complains of the retroactive application of the regulation and not the statute. We cannot render a decision on the retroactive application of a rescinded regulation. Appellant's CON is no longer being threatened by this regulation. Appellant contends that a decision on the merits from this court would have the practical effect of declaring respondent without jurisdiction to interfere with appellant's CON in the future and that the CON is valid and in good standing in perpetuity. The only practical effect of such a decision would be as an advisory opinion, which this court is forbidden from issuing. *Workman v. Vader,* 854 S.W.2d 560, 564 (Mo.App.1993).

We must dismiss this appeal as moot.

All concur.